**Aubrey Lee GILDER, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 14563.**

Court of Civil Appeals of Texas.

San Antonio.

June 28, 1967.

Rehearing Denied July 26, 1967.

Putman & Putman, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, Edward R. Finck, Jr., San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Aubrey Lee Gilder, appeals from a summary judgment rendered in favor of defendant, Allstate Insurance Company, herein called "Allstate," in a case in which plaintiff sought to recover damages resulting from the refusal of Allstate to repair or replace plaintiff's damaged automobile in accordance with the terms of an insurance policy issued by Allstate to plaintiff.

On January 22, 1965, after the policy in question had been issued by Allstate, plaintiff's vehicle was involved in a collision with an automobile driven by Thomas J. Moore. On February 15, 1965, Allstate informed plaintiff that, because plaintiff had falsely represented in his application for insurance that he had not been refused similar insurance by any other company, the policy issued by Allstate to plaintiff was declared void. At the same time, Allstate refunded to plaintiff the full amount of the premium paid.

On March 10, 1965, plaintiff filed this suit against Allstate. On a date not revealed by the record, plaintiff filed suit against Moore, seeking recovery for personal injuries sustained by plaintiff as a result of the collision on January 22, 1965, and also seeking recovery for damage to plaintiff's automobile. On January 13, 1966, plaintiff's suit against Moore was settled. The settlement agreement recited that, in consideration of the sum of $5,800.00 paid to plaintiff on behalf of Moore, plaintiff fully released Moore "and also any and all other persons, firms or corporations who are, or who might be claimed to be, liable" to plaintiff, from any and all claims "in any way arising or resulting or to arise or result in the future by reason of" the January 22, 1965, collision, "whether for personal injuries, property damage or otherwise." The concluding paragraph of the release instrument recited that plaintiff and his attorney agreed "to indemnify and hold harmless the said Thomas J. Moore and Hartford Insurance Company * * * from any claims which might be made against them by any person, firm or corporation for injuries and damages allegedly resulting from the accident in question, or any of the matters relating thereto, including the settlement agreement reflected in this release."

On January 18, 1966, the District Court of Bexar County entered an agreed judg-

ment in the suit filed by plaintiff against Moore. This judgment, after reciting the settlement of the dispute, was to the effect that plaintiff take nothing.

On June 24, 1966, Allstate filed its second amended original answer in this case alleging, among other things, that, in consideration of payment to plaintiff by Moore, including payment for damages to plaintiff's automobile, plaintiff had executed and delivered a full release which discharged Allstate from any liability to plaintiff.

On this same date Allstate filed its motion for summary judgment, which was supported by the affidavit of Seagal Wheatley, Esq., a licensed attorney associated with the law firm of Beckmann, Stanard, Wood & Vance. Mr. Wheatley's affidavit stated that he represented Moore in the suit filed by plaintiff against Moore, and that plaintiff had, in consideration of the payment to him of $5,800.00, executed the aforementioned release. Attached to this affidavit were copies of the release and of the take-nothing judgment entered in the Gilder-Moore litigation on January 18, 1966.

The record reflects that the Beckmann law firm, which represented Moore, had originally represented Allstate and had filed Allstate's original answer in this case on April 26, 1965. On May 11, 1965, the court granted permission for the Beckmann firm to withdraw as counsel for Allstate.

The release executed by plaintiff shows on its face that it was intended to discharge the releasees from all liability resulting from the January 22, 1965, collision, including liability for property damages. The release ran not only in favor of Moore, but also in favor of "all other persons, firms or corporations who are, or who might be claimed to be liable" to plaintiff by reason of the accident. This language, unexplained, is broad enough to include Allstate, although Allstate is not specifically named. "Broader or more comprehensive language is unlikely to be found in a general release." Thomas v. Erie Insurance Ex., 229 Md. 332, 182 A.2d 823, 825 (1962).

Plaintiff does not, by affidavit or otherwise contend that it was his intention, in executing the release, to release only Moore. Plaintiff did not plead, nor did he offer "evidence" tending to show that he was in any manner imposed upon or that there was any fraud in connection with his execution of the release. We cannot say that the terms of the release itself reflect any intention on the part of the parties to limit in any way the broad language contained in the instrument. Under these circumstances, we are constrained to hold that the broad language used in the instrument means what it says and that plaintiff, by executing the release in question, released not only Moore, but also "all other persons, firms, or corporations who are or might be claimed to be liable" as a result of the collision, including Allstate.

The judgment of the trial court is affirmed.